UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARK BLACKBURN, | } |
| Plaintiff, | } |
| v. | } Case No.: 2:16-CV-963-RDP |
| SHIRE US, INC., et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff/Movant's Motion to Alter or Amend Order and Motion to Amend Complaint. (Doc. # 64). The Motion (Doc. # 64) has been fully briefed. (Docs. # 64, 65, 73, 74). For the reasons explained below, the Motion (Doc. # 64) is due to be denied.

## I. Background

Defendants engage in the distribution, marketing, and sale of the drug known as Lialda. (Doc. # 41 at ¶ 8). In November 2013, Plaintiff was prescribed Lialda for treatment of his Crohn's disease. (*Id.* at ¶ 39). Plaintiff took Lialda, as prescribed, from November 2013 until February 2015. (*Id.*). In September 2015, Plaintiff was diagnosed with Stage IV renal failure and severe chronic interstitial nephritis. (*Id.* at ¶ 45). On June 10, 2016, Plaintiff filed a complaint against Shire US Inc., Shire LLC, Shire Development LLC, Shire Pharmaceutical Development, Inc., and Shire Pharmaceuticals LLC. (Doc. # 1).

On October 5, 2016, Defendants moved to dismiss Plaintiff's claims. (Docs. # 26, 27). Plaintiff filed an opposed motion to amend his complaint on October 24, 2016, and the court granted Plaintiff leave to amend on November 1, 2016. (Docs. # 36, 40). On November 2, 2016, Plaintiff filed a First Amended Complaint. (Doc. # 41). In his First Amended Complaint,

Plaintiff asserted that Defendants' recommendation of only "periodic" renal testing while using Lialda, as opposed to the more specific testing regimen detailed in his Amended Complaint, proximately caused his kidney injury. (*Id.* # 41 at ¶ 26). Specifically, Plaintiff asserted claims for failure to warn under the Alabama Extended Manufacturers Liability Doctrine ("AEMLD") (Count One), fraud (Count Two), suppression and concealment (Count Three), and breach of express warranty (Count Four). (Doc. # 41).

On November 16, 2016, Defendants moved to dismiss Plaintiff's First Amended Complaint. (Docs. # 44, 45). On May 8, 2017, the court dismissed Counts Two, Three, and Four with prejudice and denied Defendants' motion to dismiss Count One without prejudice. (Docs. # 53, 54). After granting Defendants' motion to dismiss for lack of personal jurisdiction on May 12, 2017, the court dismissed Defendants Shire Development LLC, Shire Pharmaceutical Development, Inc., and Shire Pharmaceuticals LLC without prejudice. (Doc. # 56). On June 29, 2017, Plaintiff filed a Motion to Alter or Amend Order and Motion to Amend Complaint (Doc. # 64), which is discussed in turn.

**II. Analysis**

Plaintiff has asked the court to amend its Order (Doc. # 54) dismissing with prejudice Counts Two, Three, and Four of Plaintiff's First Amended Complaint (Doc. # 41). (Docs. # 64, 65). Specifically, Plaintiff asks the court to enter a revised order dismissing these counts without prejudice and to grant Plaintiff leave to amend his complaint a second time. (*Id.*). Plaintiff erroneously argues that he is entitled to an opportunity to cure the deficiencies in his First Amended Complaint (Doc. # 41). (Doc. # 65 at p. 3-5).

In cases where a plaintiff has acted in good faith and has not been given an initial chance to amend its complaint, dismissal with prejudice is a remedy of last resort. *Eiber Radiology, Inc.*

2

*v. Toshiba Am. Med. Sys., Inc.*, 673 F. App'x 925, 929 (11th Cir. 2016); *cf.* Fed. R. Civ. Pro. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). When a more carefully drafted complaint might state a claim, a district court should grant a *pro se* plaintiff at least one chance to amend its complaint before dismissing the action with prejudice; however, such leniency is not required when a plaintiff has been represented by counsel. *Eiber Radiology*, 673 F. App'x at 929; *see Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (partially overruling *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), by ruling that a district court is not required to grant a counseled plaintiff leave to amend his complaint *sue sponte*). The Eleventh Circuit has "never required district courts to grant counseled plaintiffs more than one opportunity to amend a deficient complaint, nor [has the Eleventh Circuit] concluded that dismissal with prejudice is inappropriate where a counseled plaintiff has failed to cure a deficient pleading after having been offered ample opportunity to do so." *Eiber Radiology*, 673 F. App'x at 930; *see Henley v. Turner Broad. Sys., Inc.*, __ F. Supp. 3d __, 2017 WL 3158142, at *16 (N.D. Ga. July 25, 2017) ("The Court also concludes it is unnecessary to allow Plaintiffs, who are represented by counsel, the opportunity to file a further amended complaint.").

In this case, Plaintiff had ample opportunity to state claims on which relief could be granted. *See Eiber Radiology*, 673 F. App'x at 930 (affirming a district court's dismissal of an amended complaint with prejudice). After Defendants initially moved to dismiss Plaintiff's complaint (Doc. # 26), the court granted Plaintiff leave to amend his complaint. (Doc. # 40). Once Plaintiff filed his First Amended Complaint (Doc. # 41), Defendants again moved to dismiss the case. (Doc. # 44). Rather than requesting leave to amend his complaint a second time *before* the court ruled on this motion to dismiss, Plaintiff sat "idly by as he awaited the

district court's determination" of Defendants' second motion to dismiss. *Wagner*, 314 F.3d at 543. Allowing Plaintiff "a second bite at [the] apple"[1] not only would be prejudicial to Defendants but also would be contrary to promoting judicial efficiency. *See Eiber Radiology*, 673 F. App'x at 930. Accordingly, it is unnecessary to allow Plaintiff the opportunity to file a second amended complaint, and this Motion (Doc. # 64) is due to be denied.

**III. Conclusion**

For the reasons explained above, Plaintiff's Motion to Alter or Amend Order and Motion to Amend Complaint (Doc. # 64) are denied. An order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this November 2, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] In reality, this would be Plaintiff's <u>third</u> bite at the apple. Plaintiff has already filed an initial complaint (Doc. # 1) and has been given the opportunity to amend that complaint (Doc. # 41).